IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GLADIS CALLWOOD, as Administratrix of the Estate of KHARI NEVILLE ILLIDGE, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:15CV182-WHA |
| PHENIX CITY, ALABAMA, etc., et al., | ) ) | (wo) |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion for Partial Dismissal of Second Amended Complaint/Motion to Transfer Division (Doc. #44), filed by Defendants Sheriff Jay Jones ("Jones"); Charles Jenkins, Jr. ("Jenkins"); Steven M. Mills ("Mills"); and Ray Smith.

The Plaintiff has filed a Complaint, an Amended Complaint, and, with leave of court, after the court's Order on a Motion to Dismiss, a Second Amended Complaint.  The Plaintiff brings 42 U.S.C. §1983 claims for excessive force and state law claims.

The court has federal question subject matter jurisdiction over the federal claims and can exercise supplemental subject over the state law claims.

In response to the Second Amended Complaint filed by the Plaintiff, Defendants Jones, Jenkins, Mills, and Smith move to dismiss the excessive force claim against Jenkins in Count I and the failure to intervene claim in Count III.   These Defendants also seek transfer of the case to the Eastern Division of the United States District Court for the Middle District of Alabama.

For reasons to be discussed, the Motion for Partial Dismissal is due to be GRANTED in

part and DENIED in part, and the Motion to Transfer is due to be DENIED.

## II.   APPLICABLE STANDARDS

### A.   TRANSFER VENUE

Section 1404(a) of Title 28 of the United States Code allows a district court to transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and in the interest of justice. The statute places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court. *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090 (M.D. Ala. 1996); s*ee also Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 (11th Cir. 1993).

The question of whether to transfer venue is a two-pronged inquiry, which first requires that the alternative venue be one in which the action could originally have been brought by the plaintiff. 28 U.S.C. §1404(a). The second prong requires courts to balance private and public factors to determine if transfer is justified. *See Miot v. Kechijian*, 830 F. Supp. 1460, 1465–66 (S.D.Fla.1993). Courts rely on a number of factors including: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp*., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

### B.   MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

### III.  FACTS

The allegations of the Plaintiff's Amended Complaint, relevant to the pending Partial Motion to Dismiss as to claims against Jenkins are as follows:

In March of 2013, Khari Neville Illidge ("Illidge") was at a friend's home when he suffered a medical or mental issue which caused him to leave the home on foot and naked. A 911 emergency call was received about a naked man walking down Lee Road 314, and officers responded to the call.

Jenkins was a Deputy Sheriff for the Lee County Sheriff's office. Jenkins received a radio call request for an officer needing back-up. Jenkins arrived on the scene with two Phenix City

police officers after other officers had handcuffed Illidge and used a TASER on him multiple times. Jenkins and the two other officers new to the scene jumped on top of Illidge so that between 4 and 6 law enforcement officers were on top of Illidge. The Second Amended Complaint alleges that no one attempted to intervene to stop the tasering. Specifically, the Second Amended Complaint alleges as follows:

> Defendants Jenkins, Williams and Sheely, arrived on the scene and jumped on top of Illidge who was handcuffed, in a confused state, physically compromised and attempting to lift his body off the ground to breathe. Between four (4) and six (6) law enforcement officers, including Defendants Mills, Jenkins, Butler, Williams and Sheely, were on top of Illidge applying force with their full body weight on top of him. No law enforcement officer present attempted to intervene to stop the tasering or the excessive amount of law enforcement officers applying their full weight to Illidge.

(Doc. #40 at ¶36). The Second Amended Complaint further states that Jenkins and other officers piled on top of Illidge even after Illidge was hog-tied. (Doc. #40 at ¶68). The Second Amended Complaint alleges that another Defendant, Williams, made the observation that Illidge did not appear to be breathing when Illidge lay hog-tied on the ground. (Doc. #40 at ¶39).

## IV.  DISCUSSION

### Motion to Transfer

The moving Defendants move to transfer this case to the Eastern Division of the United States District Court for the Middle District of Alabama on the basis that the incident giving rise to the Plaintiff's claims occurred in Lee County, Alabama which is located in the Eastern Division, rather than the Northern Division, of the Middle District of Alabama. They concede that venue is proper here. In seeking transfer, they also state that the Plaintiff filed an Amended Complaint, which supersedes previous complaints, so that their request for transfer is timely and has not been waived.

The Plaintiff's position is that the Defendants have waived any objection to venue and that the Defendants have failed to meet their burden to show that the Plaintiff's choice of forum is outweighed by other considerations.

Assuming without deciding that, although the Defendants waived an improper venue objection by failing to object before filing an Answer to the original complaint, the Defendants' right to request transfer has not been waived now because it was raised in response to the Second Amended Complaint which takes the place of the previous complaints filed in this case, the court must conclude that the Defendants have not demonstrated that the case is due to be transferred.

Because the Defendants conceded that venue is proper, but seek a transfer to another division, traditional forum non conveniens analysis applies. *See King v. CVS Caremark Corp.*, No. 1:12cv1715-VEH, 2012 WL 3029909, at *2 (N.D. Ala. July 20, 2012). Under traditional convenience analysis, the plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). In this case, the moving Defendants have pointed out that the events in question occurred in the Eastern Division, but have not presented the court will evidence as to the remaining factors for consideration, such as the location of documents or convenience of witnesses. See Manuel v. Convergys Corp., 430 F.3d 1135 n.1 (11th Cir. 2005). Therefore the movants have not met their burden in seeking transfer. *See, e.g., In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (stating "the burden is on the movant to establish that the suggested forum is more convenient."). Accordingly, the Motion to Transfer is due to be DENIED.

## Motion to Dismiss

The moving Defendants seek dismissal of the §1983 claims against Jenkins in Counts I and

5

III on the basis of qualified immunity.

Qualified immunity is a protection designed to allow government officials to avoid the expense and disruption of trial. *Ansley v. Heinrich*, 925 F.2d 1339, 1345 (11th Cir.1991). As a preliminary matter, the court must determine whether the public official was acting within the scope of his discretionary authority at the time the allegedly wrongful acts occurred. *See Rich v. Dollar*, 841 F.2d 1558, 1563 (11th Cir. 1988). Once it is established that a defendant was acting within his discretionary authority, the court must determine whether "[t]aken in a light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "[I]f a constitutional right would have been violated under the plaintiff's version of the facts," the court must then determine "whether the right was clearly established." *Wood v. Kesler* 323 F.3d 872, 878 (11th Cir. 2003).

Requiring that a constitutional right be clearly established means that liability only attaches if "[t]he contours of the right [violated are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *United States v. Lanier*, 520 U.S. 259, 270 (1997). In other words, a defendant is entitled to "fair warning" that his conduct deprived his victim of a constitutional right. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

The claim in Count I is an excessive force claim brought against multiple Defendants, including Jenkins. The Plaintiff does not dispute that Jenkins was acting within his discretionary authority, but cites the court to *Reese v. Herbert*, 527 F.3d 1253, 1257 (11th Cir. 2008) and *Chapman v. Outlook Nashville, Inc*., 380 F.3d 893, 903 (6th Cir. 2004) to show that Jenkins violated clearly established law.

The Plaintiff cites *Reese* for the proposition that the Eleventh Circuit has clearly established that officers who pile on top of a suspect while other officers beat the suspect have

engaged in excessive force. (Doc. #53 at p.11).   The *Reese* opinion, however, states that "[w]hile Reese lay face down on the ground, all four defendants piled on top of him and began kicking and beating him." 527 F.3d at 1273.   The case does not stand for the proposition that an officer who piles on top of a suspect with other officers, without doing more, has violated the suspect's constitutional rights.   Instead, the officers in *Reese* were engaged in force through kicking and beating.

The Plaintiff cites *Chapman v. Outlook Nashville, Inc.*, 380 F.3d 893 (6th Cir. 2004), a Sixth Circuit case, for the proposition that piling on top of a person in a way that creates an asphyxiating condition is an unreasonable use of a force.

In the Eleventh Circuit, a court must only consider "precedent of the United States Supreme Court, the precedent of [the Eleventh Circuit Court of Appeals], and . . . [of] the highest court of the relevant state in interpreting and applying the law in similar circumstances." *Poulakis v. Rogers*, 341 F. App'x 523, 527 (11th Cir. 2009).   The Eleventh Circuit has addressed whether a case decided in another circuit bears on the clearly established inquiry.   *See McClish v. Nugent*, 483 F.3d 1231 (11th Cir. 2007).   In *McClish*, the court acknowledged that the law of other circuits might have answered whether conduct was permissible in that case, but those cases "are not, of course, determinative of whether existing law in this Circuit was clearly established." *Id.* at 1249.   Therefore, this court will not consider Sixth Circuit precedent in the clearly-established inquiry.

The two claims asserted against Jenkins focus on different conduct.   One claim, discussed below, is that Jenkins failed to intervene in the use of a TASER by other officers.   Jenkins himself is not alleged to have used a TASER.   The other claim, the excessive force claim against Jenkins, is based on the allegation that Jenkins' actions in adding his body weight to those of other officers

7

is by itself an excessive use of force.   Upon review of the case law from the Eleventh Circuit, United States Supreme Court and the State of Alabama, the court is not aware of a case in which such action has been held to be a constitutional violation.   This court cannot conclude, therefore, that the allegation that Jenkins piled his weight on Illidge with other officers is a violation of clearly-established law.   *See Gennusa v. Canova*, 748 F.3d 1103, 1113 (11th Cir.2014) (stating "[w]e do not always require a case directly on point before concluding that the law is clearly established, but existing precedent must have placed the statutory or constitutional question beyond debate."); *see also Merricks v. Adkisson*, 785 F.3d 553 (11th Cir. 2015) (explaining in a case in which the officer did not beat, strike, or kick the plaintiff and the only force applied was "two yanks to get her out of the driver's seat," that the plaintiff did not prove that the use of force was far beyond the hazy border between acceptable and unconstitutional force.).   The Motion to Dismiss is due to be GRANTED as to the claim against Jenkins in Count I.

As to the claim against Jenkins in Count III for failure to intervene, an officer can be liable for failing to intervene when another officer uses excessive force.   *See Ensley v. Soper,* 142 F.3d 1402, 1407–08 (11th Cir.1998).   "[I]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983."   *Id.* (quotation and citation omitted).

The Defendants argue that the mere fact that Illidge was in handcuffs while a TASER was being used does not establish a constitutional violation.   The Defendants argue that the only allegation against Jenkins is that he did not intervene in the use of a TASER on a struggling arrestee, which is not a violation of clearly established law.

The Plaintiff argues that under the facts as pled, Jenkins jumped on a pile with officers adding his body weight while Illidge was tased multiple times and after prolonged tasering,

8

Jenkins finally got up from Illidge, but it was too late. The Second Amended Complaint alleges that Jenkins piled on top of Illidge even after Illidge was hog-tied. (Doc. #40 at ¶68). The Second Amended Complaint further alleges that another Defendant made the observation that Illidge did not appear to be breathing when Illidge lay hog-tied on the ground. (Doc. #40 at ¶39). Under the facts as pled, this case is not one in which it is merely alleged that an officer failed to intervene when he arrived at a scene, but instead is one in which it is alleged that at some point after the officer arrived, it was apparent to the officers on the scene that the suspect stopped struggling, but the Defendant officer did not intervene to stop the repeated use of a TASER on the non-struggling suspect. Under the facts as alleged, therefore, the court must conclude that at this stage in the proceedings, there are sufficient facts pled to state a plausible claim of failure to intervene. *See Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919 (11th Cir. 2000) (accepting evidence that force used may have lasted for as long as two minutes and holding that a reasonable jury could find that an officer had time to intervene and no particularized case law was needed to deny qualify immunity). The law was clearly established that an officer can be liable for failing to intervene when another officer uses excessive force. *See Ensley,* 142 at 1407–08. The law was also clearly established that the repeated use of a TASER when a suspect poses no threat of danger is a constitutional violation. *See Oliver v. Fiorino*, 586 F.3d 898 (11th Cir. 2009) (holding that the repeated use of a TASER when a plaintiff did not pose an immediate threat of danger beyond a moment of struggle was a constitutional violation). The Motion to Dismiss is, therefore, due to be DENIED as to Count III. The court will revisit the defense of qualified immunity, if called up on to do so, at the summary judgment stage, after there has been a development of evidence in the case.

V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Transfer (Doc. #44) is DENIED.

2. The Motion to Dismiss (Doc. #44) is GRANTED as to the claim against Charles W. Jenkins, Jr. in Count I of the Second Amended Complaint and Count I is DISMISSED as against Charles W. Jenkins, Jr. with prejudice.

3. The Motion to Dismiss (Doc. #44) is DENIED as to the claim against Charles W. Jenkins, Jr. in Count III of the Second Amended Complaint.

Done this 23rd day of November, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE