IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GLADIS CALLWOOD, as | ) | |
| Administratrix of the Estate of | ) | |
| KHARI NEVILLE ILLIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-cv-182-WHA-WC |
| | ) | |
| PHENIX CITY, ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

## I.      FACTS AND PROCEDURAL HISTORY

This cause is before the court on Defendants Phenix City, Alabama; Joey Williams; David Butler; Shawn Sheely; and Raymond J. Smith's Motion to Transfer Venue (Doc. #58).

The Plaintiff has filed a Complaint, an Amended Complaint, and, with leave of court, after the court's Order on a Motion to Dismiss, a Second Amended Complaint.  The Plaintiff brings 42 U.S.C. §1983 claims for excessive force and state law claims.  The claims arise from the death of Khari Neville Illidge ("Illidge") which the Plaintiff alleges was caused by injuries inflicted by the Defendants in Lee County, Alabama.

The court has federal question subject matter jurisdiction over the federal claims and can exercise supplemental subject over the state law claims.

In response to the Second Amended Complaint filed by the Plaintiff, the moving Defendants seek transfer of the case to the Eastern Division of the United States District Court for the Middle District of Alabama.

For reasons to be discussed, the Motion to Transfer is due to be DENIED.

## II.  TRANSFER VENUE  STANDARD

Section 1404(a) of Title 28 of the United States Code allows a district court to transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and in the interest of justice.  The statute places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court. *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090 (M.D. Ala. 1996); *see also Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 (11th Cir. 1993).

The question of whether to transfer venue is a two-pronged inquiry, which first requires that the alternative venue be one in which the action could originally have been brought by the plaintiff.  28 U.S.C. §1404(a).  The second prong requires courts to balance private and public factors to determine if transfer is justified. *See Miot v. Kechijian*, 830 F. Supp. 1460, 1465–66 (S.D.Fla.1993).  Courts rely on a number of factors including: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.  *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

### III.    DISCUSSION

The moving Defendants seek transfer of venue pursuant to 28 U.S.C. §1404(a).  The Plaintiff opposes this motion, arguing that the Defendants have waived their right to seek transfer,[1] and that the court should not exercise discretion to transfer venue.

In the instant case, the Motion to Transfer seeks transfer of venue to a different division within the Middle District of Alabama, not a different federal district court.  The federal statute governing divisional venue, 28 U.S.C. § 1393, was repealed by Public Law 100-702 in 1989, and this court has no local divisional rule.  *See Burris v. Holley*, Civ. Action No., 2:08cv591, 2008 WL 4417229 (M.D. Ala. Sept. 25, 2008).   The court, however, is persuaded that a divisional transfer can be appropriate based on *forum non conveniens* analysis.  *See King v. CVS Caremark Corp.*, No. 1:12cv1715-VEH, 2012 WL 3029909 (N.D. Ala. July 20, 2012).

In evaluating a request to transfer venue, a plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.  *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).   The burden is on the movant to "show that the forum it suggests is more convenient or that litigating the case there would be in the interest of justice."  *APR, LLC v. Am. Aircraft Sales, Inc.*, 985 F. Supp. 2d 1298, 1303 (M.D. Ala. 2013).

---

[1] In a previous Order in response to other Defendants in the case moving for transfer, this court declined to decide whether a venue objection had been waived, finding that because the movants had not addressed many of the factors for analysis, they had not met their burden in seeking transfer citing *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).  (Doc. #55).  The court notes that while a motion to dismiss for improper venue under Fed. R. of Civ. Pro. 12(b) is subject to waiver pursuant to Rule 12(h), a motion to transfer venue made pursuant to 28 U.S.C. §1404(a) has been found by courts in this district not to be subject to waiver.  *APR, LLC v. Am. Aircraft Sales, Inc.*, 985 F. Supp. 2d 1298, 1302 (M.D. Ala. 2013); *Verret v. State of Ala. Dept. of Mental Health*, No. 2:03cv1231-MEF, 2007 WL 2609777, at *1 (M.D. Ala. Sept. 6, 2007); *see also* § Charles Allen Wright, et al., 14D Federal Practice & Procedure Jurisdiction § 3829 (4th ed.) (stating "[i]t is important to note, however, that a defendant who has waived a venue objection has not necessarily waived the right to seek a transfer of venue under 28 U.S.C.A. § 1404(a)").  Therefore, the court will consider the Motion to Transfer.

Under the first prong of the two-prong analysis, this case could have originally been filed in the Eastern Division of the Middle District of Alabama because the locus of events occurred in the Eastern Division.   The court, therefore, turns to the second prong.

Under the second prong of analysis, the court first looks to the convenience of witnesses. The Plaintiff argues that based on the initial disclosures, there are non-party witnesses whose last known addresses were in the Northern Division; an equal number of non-party witnesses whose last known addresses were within the Eastern Division; two non-party witnesses whose last known addresses are in the Northern District of Alabama, which is closer to the Northern Division of the Middle District of Alabama; and one non-party witness in Pennsylvania.   The Plaintiff refers to her initial disclosures as the source of the addresses.

The Defendants respond that the Plaintiff relies upon the post office box of the Alabama Department of Forensic Sciences and the Alabama Bureau of Investigation, which employ some of the witnesses, and the address of Care Ambulance, an employer of two witnesses.   The Defendants state that the Care Ambulance report identifies the two witnesses as being members of a Phenix City crew.   The Defendants provide no evidence of alternative addresses for other witnesses, either as to residency or place of employment, and state that the Plaintiff has not provided any evidence, so the pleadings establish the witnesses' location.

In the Eleventh Circuit, "in the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient."  *In re Ricoh Corp*., 870 F.2d 570, 573 (11th Cir. 1989).   Significantly for this case, when looking at the convenience of witnesses, courts examine the distance between the plaintiff's choice of forum and the defendants' suggested forum. *Goldsby v. Ash*, No. 2:09-CV-975-TFM, 2010 WL 1658703, at *5 (M.D. Ala. Apr. 22, 2010) (50 miles does not affect the convenience of

4

witnesses); *Verret v. State of Alabama Dep't of Mental Health*, No. 2:03-CV-1231 MEF, 2007 WL 2609777, at *1 (M.D. Ala. Sept. 6, 2007)(distance of 169 miles, where there was no showing that witnesses outside of subpoena power would not travel to testify, weighed only "slightly in favor of transfer"). The distance between the federal courthouse in Montgomery and the federal courthouse in Opelika is 62 miles. Because the difference in distance for the witnesses is minimal, even accepting the Defendants' unsubstantiated characterization of the witnesses' location, this factor does not weigh heavily in favor of transfer. *See Goldsby*, 2010 WL 1658703, at *5.

Regarding the second factor, the Defendants state that they do not know what documents would be relevant in the case, but that they might include personnel records, incident reports, and medical reports which would likely be found in Lee or Russell County. Again, the Defendants have not substantiated this contention. As to the third factor, the Defendants state that they are residents of Lee or Russell County, but do not know the residence of the deceased or his representative. The court cannot conclude that either of these factors weighs in favor of transfer.

There is no dispute that the locus of operative facts, the fourth factor, is Lee County. This factor would weigh in favor of transfer. And, as to the plaintiff's choice of forum, the court has noted that it will award less deference to the choice when "the operative facts underlying the cause of action did not occur within the forum choice by the Plaintiff." *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala. 1998). The court is, however, also bound by the Eleventh Circuit's directive that a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson*, 74 F.3d at 260.

With respect to trial efficiency and the interest of justice, the movants only argue that this court should not consider the Plaintiff's argument based on fairness, because an impartial jury is

a protection for defendants not plaintiffs.  The court has previously advised the parties that if a transfer is granted in this case, a new trial term would have to be assigned and a new scheduling order would be entered.   (Doc. #61).  Such action will likely delay the trial of this case.  It also bears noting that the Defendants had ample opportunity to move for transfer in the ten months in which this case was pending before they sought transfer.   Accordingly, the court cannot conclude that transfer is in the interests of justice.  *See Pilkington v. United Airlines, Inc.*, 855 F. Supp. 1248, 1251 (M.D. Fla. 1994) (denying a motion to transfer venue in part because transfer would delay the trial which is contrary to the court's interest in early trials).

The factors of availability of process, relative means of the parties, and the forum's familiarity with the governing law do not weigh in favor or against transfer in this case.

Considering all of the relevant factors, particularly the relatively short distance between the Plaintiff's choice of forum and the Defendants' suggested forum, this court cannot conclude that even when the Plaintiff's choice of forum is given the appropriate level of deference based on the locus of operative facts, the Defendants have established that the Plaintiff's choice of forum is clearly outweighed by other considerations.

The Motion to Transfer is due to be DENIED.


## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Motion to Transfer  (Doc. #58) is DENIED.

Done this 22nd day of March, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE