IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GLADIS CALLWOOD, as Administratrix of the Estate of KHARI NEVILLE ILLIDGE, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:15cv182-WHA |
| PHENIX CITY, ALABAMA, etc., et al., | ) ) | (wo) |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on a Motion to Voluntarily Dismiss Raymond J. Smith as a Defendant (Doc. #104),[1] and Motion for Leave to Amend Complaint (Doc. #105), filed by the Plaintiff on August 10, 2016.

The initial Scheduling Order entered in this case, based on the parties' Report of Parties Planning Meeting, set the deadline for the Plaintiff to amend the pleadings and to add parties on October 9, 2015, and set a discovery deadline of May 20, 2016 (Doc. #34). Since the initial Scheduling Order was entered, various deadlines have been extended, including the non-expert discovery cut-off, which was extended until July 29, 2016, but not the pleadings amendment deadlines. (Doc. #61, 98). The Defendants have filed two motions for summary judgment with extensive evidentiary submissions and, in light of a voluminous submission by the Plaintiff in response, have sought, and were granted, an extension of the pretrial and trial dates in this case.

In her Motion to Amend, the Plaintiff seeks to add a deliberate indifference to medical

---

[1] The Defendants do not oppose dismissing Raymond Smith as a Defendant. (Doc. #117 at p.13).

needs claim. The Plaintiff states that she did not previously bring a deliberate indifference claim because the ABI filed reviewed by her during the pre-investigation of the case contained a statement by Gloria Warr ("Warr") that Warr saw CPR being performed on Illidge. She now seeks to add a deliberate indifference claim based on two things: (1) revelations contained in a deposition of Warr, which show that she did not make the statement that she witnessed CPR being performed on Illidge, and (2) EMT deposition testimony that Illidge's hands were handcuffed and his legs shackled, making effective CPR impossible, and that the officers believed Illidge was suffering from Excited Delirium Syndrome. The Plaintiff states that these facts support that there was no serious attempt at performing CPR or providing medical attention to Illidge.

In opposition to the Motion to Amend, the Defendants argue that all of the evidence upon which the Plaintiff bases her need to file a new claim was in the Plaintiff's possession long before she sought to amend the Amended Complaint. The Defendants state that even if Warr's conflicting statements create a question of fact as to whether she witnessed CPR being performed, the Plaintiff had in her possession a Care Ambulance Patient Care Report stating that CPR was being performed when the medical personnel arrived. (Doc. #117-1). The Defendants represent that the Care Ambulance Patient Care Report, produced by Kyle Butler and Misty White, medical personnel who responded to the scene on March 24, 2013, was in the ABI file used by the Plaintiff in her pre-filing investigation. (Doc. #117 at p.4). As to evidence that Illidge was handcuffed and shackled, the Defendants also point to a statement in the same report that Illidge was handcuffed and shackled when medical personnel arrived. (Doc. #117-1). The Defendants also point out that the Second Amended Complaint alleges that Illidge was still

handcuffed and shackled on the ground when medical personnel arrived. (Doc. #40 at ¶40). The Defendants finally point out that in an affidavit provided on June 6, 2016, Defendant Raymond Smith stated that he realized Illidge may have had excited delirium. (Doc. #81-2 at ¶6). In addition to their argument regarding the availability of evidence, the Defendants also argue that amendment past the discovery deadline is improper because expert opinion testimony would be needed on a deliberate indifference claim.

Rules 15 and 16 of the Federal Rules of Civil Procedure guide the court's decision whether to allow this untimely amendment to the Amended Complaint. *See Nobles v. Rural Cmty. Ins. Servs.*, 303 F. Supp. 2d 1279, 1283 (M.D. Ala. 2004). Rule 15 provides that, if a responsive pleading has been served, a party may amend the pleadings only by leave of court or by written consent of the opposing party, and the "court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Rule 16 requires the court to enter a Scheduling Order that limits the time to join other parties and to amend the pleadings. Fed.R.Civ.P. 16(b)(3)(A). The modification of such a scheduling order is to be granted only upon a showing of "good cause." Fed. R. Civ. P. 16 (b)(4). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 Advisory Committee's Note, 1983 Amendment; *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

In the Eleventh Circuit, when a Motion to Amend is filed after the Scheduling Order's deadline, a plaintiff must first demonstrate good cause under Rule 16(b) before the courts are to consider whether amendment is proper under Rule 15(a). *Sosa*, 133 F.3d at 1419. The Eleventh Circuit has explained that if courts "considered only Rule 15(a) without regard to Rule 16(b), we

3

would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.*

In this case, the ABI report provided to the court includes the very facts of CPR being administered, and Illidge being handcuffed and shackled, that the Plaintiff contends are evidence relevant to an indifference claim. The Excited Delirium theory was also known to the Plaintiff well in advance of the filing of the instant Motion to Amend.

The court recognizes that the Plaintiff contends that Warr's version of the events changed, removing "independent information" that the officers attempted to sustain Illidge's life. (Doc. #105 at p.2). Although identified conflicts in Warr's statement and deposition present a separate issue to be resolved in connection with other pending motions, there was other evidence from independent persons, namely medical personnel, which was in the Plaintiff's possession before she filed suit that CPR was performed by officers at the scene. In short, facts relevant to the claim she seeks to add in her Motion to Amend were made known to her before she filed suit or, with respect to the Excited Delirium theory, months ago. The court concludes, therefore, that the Plaintiff has not demonstrated good cause. *Sosa*, 133 F.3d at 1419 (giving as grounds for upholding denial of motion to amend that "the information supporting the proposed amendment to the complaint was available to Sosa even before she filed suit."); *Pugh v. Kobelco Const. Mach. Am., LLC.*, No. 2:08-CV241, 2010 WL 2574174, at *6 (M.D. Ala. June 23, 2010), *aff'd sub nom. Pugh v. Kobelco Const. Mach. Am., LLC*, 413 F. App'x 134 (11th Cir. 2011) (finding lack of diligence where facts were or should have been known to plaintiff at the time the original complaint was filed); *E.E.O.C. v. Exel Inc.*, 259 F.R.D. 652, 655 (N.D. Ga. 2008) (find that an over two-month delay between the time a deposition was taken and the motion to amend was

filed does not show "good cause."). The Motion to Amend is due to be DENIED on that basis. Alternatively, the court agrees that adding a deliberate indifference to medical needs claim at this late date could require additional expert discovery and would likely result in delaying the trial of the case even past the newly-extended trial date. *See Maynard v. Bd. of Regents of Div. of Universities of Florida Dep't of Educ. ex rel. Univ. of S. Florida*, 342 F.3d 1281, 1287 (11th Cir. 2003) (upholding denial of amendment of a complaint where the amendment of the complaint would have required discovery, delayed disposition of the case and "[i]n addition, there seems to be no good reason why Maynard could not have made the motion earlier.").

Accordingly, for the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Voluntarily Dismiss Raymond J. Smith as a Defendant (Doc. #104) is GRANTED and Raymond J. Smith, individually, is DISMISSED as a Defendant.
2. The Motion for Leave to Amend Complaint (Doc. #105) is DENIED.

Done this 22nd day of August, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE